Reese, J.
delivered the opinion of the court.
By a clause in the will of Isham Smith, he devised to his *439 daughter Rebecca a negro woman, slave, named Isabel for the life of the said Rebecca, with remainder to her children. The devisee Rebecca intermarried with John Bonner, the Father of defendant. The slave Isabel had children, one of whom, a boy, named Tom, was long since exchanged by the said John Bonner for a negro girl slave, named Caroline. One of the children of Caroline, named Ann, was sold by the said John Bonner to John S. Bonner, the defendant. Rebecca Bonner, formerly Rebecca Smith, is still living. She is the owner of the life estate in the woman Isabel and her increase of which Tom was one. Tom is still living, and has always remained, and been kept in the neighborhood of Bonner. This bill filed by the complainants, entitled in remainder, to be secured and indemnified, as to the forthcoming at the death of Rebecca Bonner formerly Rebecca Smith, not of the slaves Isabel and her increase, limited to them in remainder, but for the forthcoming at that time of Ann and her children, the descendants of Caroline for whom Tom was exchanged. This court has manifested in the case of Logan Henderson vs. Vaulx and wife that a Court of Chancery will protect the interest of a remainderman in slaves, so far as to prevent the life estate owner from taking them beyond the limits of the State, and the jurisdiction of our courts—and this, upon the principle, that the life estate owner, although entitled to the beneficial use of the property as owner, must yet so use it, as not to destroy, or unnecessarily impair the value of the remainder. And in other cases, we have held the life estate owner, or even a stranger to be liable for the value of the property in remainder, if it has been lost to the remainderman, by sale and removal beyond the limits of the State.
Upon the principle of these cases, we should have felt no difficulty in decreeing a security and indemnity for the forthcoming of Tom, at the determination of the life estate, if the bill had been filed for that purpose against John Bonner and the present owner of Tom: for to Tom, at the determination of the life estate, or to his value, the remaindermen are unquestionably entitled.
We are aware of no principle, or precedent, however, which *440 will sanction or authorise the relief prayed for in the bill as to Ann and her children.
Let the decree of the Chancellor be reversed, and the bill be dismissed.